UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Progressive Healthcare
Solutions LLC

versus

United Healthcare Services Inc
et al

Civil Action 17-cv-01452

Unassigned District Judge

Magistrate Judge Carol B. Whitehurst

**REPORT AND RECOMMENDATION**

Before the undersigned on referral from the district judge is a Motion To Remand filed by Plaintiff, Progressive Healthcare Solutions LLC ("Progressive"), [Rec. Doc. 5], a Response in Opposition filed by Defendant, United Healthcare Services, Inc. ("United") [Rec. Doc. 10], and Progressive's Reply thereto [Rec. Doc. 11]. For the reasons that follow, the undersigned recommends that the Motion be granted.

*I. Background*

Progressive is a vendor of medical hardware which is surgically implanted to address a patient's spinal instability and pain. Plaintiff's state court Petition alleges that Dr. Illyas Munshi, a neurosurgeon, determined in December 2016, that his patient, Brian Esley, required a spinal discectomy procedure which included implanting medical hardware provided by Progressive. *R. 1-3, p. 4.* Prior to Easley's surgery, Dr. Munshi's office contacted United and described the planned surgery and implantation of the Progressive medical hardware. Dr. Munshi's office received written confirmation that Easley had coverage under his United policy and that United approved the recommended surgery as well as the implantation of

Progressive's hardware. *Id., R. 5-2.* Dr. Munshi performed the recommended surgery on Easly on December 12, 2016, and Progressive submitted invoices to United in the amount of $49,425.00 for the medical hardware surgically implanted in Easley. *R. 1-3, p. 4, ¶¶ 4-6; R. 10-1, Declaration of Fairley* .

United initially denied payment to Progressive for a variety of reasons claiming: (1) an authorization number United had given Progressive had been "cancelled;" (2) Progressive's claim was "under review;" (3) the "code" under which Progressive's claims was submitted had changed; and (4) Progressive was the wrong, "place of service." *Id. at pp. 4-5.* After additional months of "review" of Progressive's invoice for the medical hardware United had authorized prior to surgery, United approved payment of Progressive's invoice in July 2017. *Id at p. 5.*

Progressive requested that United send the payment for its medical hardware directly to Progressive. United, however, refused to do so, instead indicating that it would send the payment to Easley. *Id.* Thereafter, Progressive contacted Easley and informed him that United would send the payment for Progressive's medical plate and screws used in Easley's surgery to him rather than in payment to Progressive. *Id.* Easley agreed to sign an assignment of the United payment for Progressive's medical hardware and Progressive informed United of same. *Id.* Despite Easley's assignment of the $49,425.00 payment to Progressive, Easley did not give Progressive the funds. Instead, he cashed the United check in June 2017, and converted such funds for his own use. *Id.*

Progressive filed this action against United and Easley in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana, on September 25, 2017.

*R. 1-3.* Progressive alleged that Defendants were jointly and severally liable to it for the sum of $49,425.00, plus interest, costs and attorney's fees. Defendants were served with the Petition and removed the action to this Court on November 7, 2017. *R. 1.* United filed an answer with affirmative defenses on November 14, 2017. *R. 8.* Easley has not filed responsive pleadings in the case. Progressive filed this motion to remand on November 9, 2017. *R. 5.*

## II. The Contentions of the Parties

In support of its motion to remand, Progressive contends that it has asserted only state-law claims and there is no diversity jurisdiction; therefore, this Court lacks federal question subject matter and removal jurisdiction. United maintains that section 502(a) of ERISA, 29 U.S.C. § 1132(a), is applicable and completely preempts Progressive's claims.

## III. Law and Analysis

### A. Legal Standard-Motion to Remand

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). Furthermore, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. In deciding whether subject matter jurisdiction exists, a court must look to the claims in the state court pleadings as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.2002). Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *See Id.* Because the removal statute should

be strictly construed in favor of remand, any ambiguities in the state court petition are construed against removal. *Id*. (*citing Acuna v. Brown & Root, Inc*., 200 F.3d 335, 339 (5th Cir.2000)).

*B. ERISA Preemption*

Federal district courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Congress, however, may choose to completely pre-empt a particular claim in that any civil complaint raising this particular claim shall be considered "federal" in nature. *Id*. at 63-64. Specific to ERISA, "Congress has clearly manifested an intent to make causes of action within the scope of civil enforcement provisions of § 502(a) removable to federal court." *Id*. at 66.

A state-law claim that comes within the scope of the civil enforcement remedy established by section 502(a) of ERISA, 29 U.S.C. § 1132(a), is "completely preempted," and does not provide subject matter and removal jurisdiction under 28 U.S.C. §§ 1331 and 1441(b). In other words, the ERISA civil enforcement provision, when applicable, converts a state-law claim into a federal claim for purposes of the "well-pleaded complaint" rule. *See United Health Inc. v. Davila*, 542 U.S. 200 (2004); *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 276, n. 34 (5th Cir. 2004).

In *Davila*, the United States Supreme Court addressed the issue of whether ERISA preempted a participant and beneficiary's state law tort claims. The Court

explained, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by Defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." 542 U.S. at 210. The *Davila* Court ultimately determined that the plaintiffs' state law claims were preempted by ERISA, reasoning that the participant and beneficiary of the ERISA plan could have brought their claims under § 502(a)(1)(B) and that there was no other independent legal duty implicated by Defendant's actions.

Here, United makes a similar argument. United contends that: (1) Progressive could have brought a claim under § 502(a) as it was assigned Easley's rights and, (2) that there is no other independent legal duty implicated by Progressive's actions. The Court concludes that although Progressive could have brought an ERISA claim pursuant to its assignment of rights, United has no argument that an independent legal duty was not implicated by its actions.

Regarding the first prong of the *Davila* test, the Court recognizes that if Progressive had solely sued United pursuant to an assignment of Easley's benefits under the Plan, Progressive's claims would seek to recover benefits and/or enforce rights under an ERISA plan, and would be completely preempted under § 1132(a). *See Transitional Hosp. Corp. v. Blue Cross and Blue Shield of Texas*, 164 F.3d 952, 954 (5th Cir.1999); *Hermann Hosps. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1289-90 (5th Cir.1988) (*Hermann I*). However, although Easley assigned his rights under the plan to Progressive, Progressive is not suing as an assignee to recover plan benefits or to dispute the terms of the plan. Instead, Progressive alleges claims against

5

United as a third-party provider based on Progressive's reliance on United's prior payment practices, misrepresentation of payment authorization and breach of oral agreement between it and United.[1] Thus, even though the first element of the *Davila* case may be satisfied, the Court must also determine whether Progressive's claims implicate an independent legal duty.[2]

A claim implicates an independent legal duty when the individual is entitled to the state law claim regardless of the terms of an ERISA plan. *Davila*, 542 U.S. at 210. Progressive is not claiming that United is liable for failing to pay it pursuant to the terms of an ERISA plan. Instead, Progressive claims that United's representations concerning Easley's insurance coverage, upon which Progressive claims it reasonably relied, are the basis of its claims. "[I]f a health care provider can assert a right to payment based on some separate agreement between itself and an ERISA defendant (such as a provider agreement or an alleged verification of reimbursement prior to providing medical services), that direct claim is not completely preempted by ERISA. A health care provider may have both a valid assignment of its patient's rights and a direct claim arising under state law and can elect to assert either or both of those claims because the mere existence of an assignment ... under the ERISA plan is

---

[1] Progressive alleges state law claims against Easley of, *inter alia*, conversion and breach of contract.

[2] The Court notes that this case is not a "typical" case in which *Davila* applies to a third party medical provider with an assignment of benefits. As an independent third-party medical provider, Progressive is attempting to recover the benefits that United allegedly assured Plaintiff it would provide. Additionally, Progressive has a strong argument that ERISA does not preempt its claim because in the Fifth Circuit "a health care provider does not even have independent standing to seek redress under ERISA." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 249 (5th Cir.1990); *Transitional Hosp. Corp. v. Blue Cross & Blue Shield of Tx., Inc.*, 164 F.3d 952, 954 (5th Cir.1999).

jurisdictionally irrelevant so long as the provider is not actually seeking to enforce that derivative claim." *Center for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana v. Humana Health Ben. Plan of Louisiana, Inc.*, 2011 WL 1103760, at *2 (E.D.La. 2011) (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1346–47 (11th Cir.2009)). Further, " a provider's claims are not preempted just because it could recover an amount equal to the amount of benefits a patient could recover under the ERISA plan." *Center for Reconstructive Breast Surgery, LLC v. Blue Cross Blue Shield of Louisiana*, 2014 WL 4930443, at *6 (E.D.La.,2014).

The court in *Omega Hosp., L.L.C. v. Aetna Life Ins. Co.* considered claims made by Omega Hospital, a third party provider, against Aetna, which were similar to those made in this case. In holding that Omega Hospital's claims were not preempted by ERISA, the *Omega Hospital* court stated:

> Courts have consistently held that claims of detrimental reliance and breach of contract for failure to pay after verification of benefits implicate independent legal duties that are not preempted by ERISA. *See Memorial Hosp. System v. Northbrook Life Ins. Co.*, 904 F.2d 236, 250 (5th Cir. 1990) (holding that a third-party healthcare provider's negligent misrepresentation claim was not preempted by ERISA); *Jefferson Parish Hosp. Serv. Dist. No. 2 v. Principal Health Care of La., Inc.*, 934 F.Supp. 206, 209 (E .D.La.1996) (holding that a detrimental reliance claim brought by a third-party healthcare provider against an ERISA plan was brought in the healthcare provider's independent status); *Jefferson Parish Hosp. Dist. No. 2 v. Cent. States*, 814 F.Supp. 25, 27 (E.D.La.1993) (holding that ERISA did not preempt a hospital's detrimental reliance claim); *Intra-OPerative Monitoring Servs., Inc. v. Humana Health Benefit Plan of La., Inc.*, 2005 WL 1155847, at *2 (E.D.La. 2005) (holding that the plaintiffs' claims were not preempted by ERISA because they were not seeking plan benefits, but instead were seeking to recover for detrimental reliance and breach of contact for failure to pay after verifying services). Because Omega is seeking to recover based on Aetna's actions independent of an ERISA plan and

> Omega is not seeking to recover ERISA plan benefits, the Court finds that Omega's claims are not preempted by ERISA

2008 WL 4059854, at *4 (E.D.La.,2008).[3]

Because Progressive is seeking to recover based on United's actions independent of an ERISA plan and is not seeking to recover ERISA plan benefits, this Court finds that, under *Davila*, Progressive's claims are not preempted by ERISA. In seeking to impose liability, plaintiff is not relying on ERISA or the particular terms of an ERISA plan. Rather, it is relying on independent state-law duties, i.e. negligent misrepresentation, detrimental reliance, breach of oral contract. Under the *Davila* standard, such arguments do not fall within the scope of ERISA. These claims rely solely on Louisiana law, not ERISA, and will not require an interpretation of the plan. Rather, United's billing practices are the relevant facts, and the insurers' liability is alleged to arise by operation of Louisiana law, not the ERISA plan."

Thus, after having considered the memoranda of the parties, the Court finds that United has not satisfied its burden, as the removing party, of demonstrating that removal of the instant action was authorized by § 1132(a). In other words, United fails to establish that Progressive's claims, which are based on state law and which are brought by a third-party medical provider, come within the scope of the civil enforcement remedy provided by § 1132(a).

*C. Attorney's Fees and Costs*

In its Petition, Progressive claims it is entitled to costs and attorney's fees. *R.*

---

[3] *See e.g.,Sanghani v. United Healthcare Services, Inc.*, 2016 WL 5395241, at *6 (W.D.La., 2016); *Omega Hospital, LLC v. United HealthCare Ins. Co.*, 2015 WL 2041312, at *3 (E.D.La.,2015);

8

*1-3, ¶ 9.* Progressive argues in its Motion that this case was removed in bad faith with "no basis in fact or law," entitling the plaintiff to the recovery of reasonable attorney's fees and costs. In actuality, however, "[a]n award of costs has never been predicated on a finding of bad faith or negligent or frivolous removal." *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). Instead, fees and costs may be awarded, in the court's discretion, when an action is improperly removed. *Id* at 928. The relevant inquiry is "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Having considered the arguments presented by United in opposition to the motion to remand, this Court concludes that United had objectively reasonable grounds upon which to remove this case to district court, even though its arguments were ultimately found to be unsuccessful. Therefore, no fees or costs will be awarded to Progressive.

*IV. Conclusion*

Based on the foregoing, the undersigned recommends that Plaintiff's Motion to Remand [Rec.Doc. 5] be **GRANTED** and this case be remanded to the Fifteenth Judicial District Court, Lafayette Parish.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing. Failure to file written objections to the proposed factual findings and/or the

proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 4th day of January, 2018.

_____
**CAROL B. WHITEHURST**
**UNITED STATES MAGISTRATE JUDGE**